UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL C. COURTOIS, | ) | 1:07-CV-00998 AWI SMS HC |
|        Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| WARDEN, | ) | |
|        Respondent. | ) | |

On June 21, 2007, Petitioner filed the instant petition for writ of habeas corpus.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes

1  to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to
2  42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
3  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
4  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
5        The instant petition is for the most part unintelligible; however, from what little the Court can
6  discern it appears that Petitioner seeks to challenge the confiscation of his legal files. Petitioner also
7  claims he was denied his right to appeal. It cannot be determined which appeal Petitioner is referring
8  to since Petitioner states he pursued his direct appeal to the California Supreme Court where it was
9  denied, and it appears he also filed a habeas petition in the California Supreme Court that was
10 denied. Moreover, if Petitioner is intending to challenge the underlying conviction, the case is not
11 properly before this Court and should be filed in the Northern District as the conviction is out of
12 Humboldt County. In any case, Petitioner appears to be challenging the conditions of his
13 confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas
14 corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims,
15 Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

16 **RECOMMENDATION**

17       Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
18 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
19 corpus relief.  The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send
20 Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.
21       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
22 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304
23 of the Local Rules of Practice for the United States District Court, Eastern District of California.
24 Within thirty (30) days after being served with a copy, any party may file written objections with the
25 court and serve a copy on all parties.  Such a document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
27 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
28 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 IT IS SO ORDERED.
4 **Dated:     August 21, 2007**              <u>      /s/ **Sandra M. Snyder**      </u>
                                              UNITED STATES MAGISTRATE JUDGE